UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV 9 - 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANDREW H. FOWLER,                     )
                                      )
          Plaintiff,                  )
                                      )
    v.                                )      Civ. No. 00-270 (RJL)
                                      )
DISTRICT OF COLUMBIA, *et al.*,       )
                                      )
          Defendants.                 )

MEMORANDUM OPINION
(November ___, 2005) [#72, 73, 74, 77, 83]

Andrew Fowler, the plaintiff, initiated this proceeding against Learie Phillip, Principal

of Roosevelt Senior High School, and the District of Columbia, through Arlene Ackerman

in her official capacity as Superintendent of the District of Columbia Public Schools[1]

("DCPS") (collectively "defendants").  Plaintiff alleges violations of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the District of

Columbia Human Rights Act, D.C. Code § 2-1401 *et seq.* ("DCHRA").  The matter comes

before the Court on the parties' "cross motions"[2] for summary judgment.  Upon due

consideration of the parties' submissions, the relevant law, and the entire record herein, the

---

[1]    Arlene Ackerman is the former Superintendent.  The current Superintendent of the District of
Columbia Public School is Clifford B. Janey, Ed.D.

[2]    The Court treats the parties' submissions as cross motions for summary judgment, although they
are not designated as such.  Defendants moved for summary judgment on August 5, 2005, and, rather than cross
moving *at that time*, the plaintiff elected to file an *opposition* to defendants' motion, but only after the deadline to do
so had expired.  *See* D.E. #79.  Defendants' motion then became ripe for this Court's review on September 29, 2005.
On October 14, 2005, plaintiff filed a motion for summary judgment of his own.  *See* D.E. #83.  The Court considers
the merits of both motions at this time and, for the reasons stated herein, concludes that the defendants are entitled to
judgment as a matter of law.

Court GRANTS defendants' motion, DENIES plaintiff's motion, and dismisses the action in its entirety.

## BACKGROUND FACTS

The relevant facts and circumstances surrounding this case are well documented.[3] To summarize, Andrew Fowler ("Fowler") began teaching at Theodore Roosevelt Senior High School ("Roosevelt High") in 1982. Amended Complaint ("Am. Compl.") ¶ 7. Approximately thirteen years later, in September 1995, defendant Learie Phillip ("Phillip") became principal of Roosevelt High. *Id.* ¶ 9. Shortly after assuming the post as principal, Phillip issued a written reprimand to Fowler. Defs.' Mot. For Summ. Judg. (filed on 11/7/02), Exh. 3 at 1.[4] The reprimand charged Fowler with "unprofessional conduct" for alleged "sexual innuendos" that Fowler made to a female student in his classroom on September 14, 1995. *Id.*

Fowler responded to the reprimand with a six page written memorandum to Phillip. *Id.*, Ex. 4 (Memorandum from Fowler to Phillip). While the memorandum primarily explains and defends Fowler's own conduct vis a vis the female student, in the last paragraph Fowler

---

[3]     This case originated with Judge Ricardo M. Urbina. Before it was reassigned, Judge Urbina issued two Memorandum Opinions, which summarize many of the pertinent facts and issues now before this Court. *See* Fowler v. D.C., No. 00-270, slip op. (D.D.C. July 26, 2000) (denying in part and granting in part the defendants' Motion for Summary Judgment); *Fowler v. D.C.*, 122 F. Supp. 2d 37 (D.D.C. 2000) (denying the defendants' Renewed Motion to Dismiss).

[4]     As previously noted, there has been a considerable amount of motions practice in this case. In resolving the instant cross motions, the Court considers the entire record, including those exhibits properly submitted in conjunction with the other motions.

accuses Phillip of sexually harassing a female faculty member during a faculty meeting.[5] *Id.*,

Ex. 4 at 6. Fowler copied several other school and administration officials on this letter,

including the former superintendent of schools and chief of labor relations. *Id.*

In June 1996, several months after the official reprimand and Fowler's response,

Fowler's teaching position was among those positions terminated pursuant to a DCPS

system-wide reduction-in-force ("RIF").[6] Am. Compl. ¶ 13; Pl.'s Mot. For Summ. Judg.,

Exh. 3 (Letter from the Director of the DCPS Office of Fiscal and Personnel Service to

Fowler notifying him of the RIF). In March 1997, Fowler filed a charge of discrimination

with the Equal Employment Opportunity Commission ("EEOC" or "Commission"), in which

he argued that he was terminated in retaliation for opposing Phillip's sexual harassment of

a female faculty member in the response to the official reprimand. Pls.'s Statement of

Material Facts To Which There is No Genuine Dispute ("SMF") ¶ 10.[7]

---

[5]         In the memorandum, Fowler specifically alleged:

Hence, I am requesting that you, you who announced in front of the full faculty of Roosevelt High
School that you were "turned on" by the dress that a teacher was wearing, you who a few minutes
later, in view of at least fifteen faculty members, squeezed that teacher's thigh, either to expunge
these ridiculous charges of "unprofessional conduct" and my having made "sexual innuendos" to a
student; attach my response to whatever files in which you have placed your original letter; or face
possible legal reprisal.

Defs. Mot. For Summ. Judg. (filed on 11/2/02), Ex. 4 at 6.

[6]         The RIF at issue in this case was authorized by the D.C. Financial Responsibility and Management
Assistance Act of 1995, Pub. L. No. 104-8, 109 Stat. 97 (1995), and the D.C. Appropriations Act of 1996, Pub. L.
No. 104-134, 110 Stat. 1321 (1996). Before 1996, the District's RIF regulations operated on the basis of seniority;
the RIF legislation at issue in this case eliminated seniority as the dispositive factor. Pl.'s Mot. For Summ. Judg. at 3
n.1.

[7]         In July 1996, well before filing his complaint with the EEOC, Fowler challenged the termination of
his position to the Office of Employee Appeals ("OEA") under the notice and separation procedures of the RIF.
Pl.'s Mot. For Summ. Judg. at 5. The OEA upheld the termination after an evidentiary hearing, and the OEA's

According to Fowler, Phillip "began a practice of sexually harassing female faculty members" almost "immediately" after starting as principal of Roosevelt High. Am. Compl. ¶ 9. Fowler further contended that Phillip "embarked on a campaign of retaliation" once Fowler began opposing Phillip's sexual harassment of others. *Id.* ¶ 11. Although this retaliation culminated in his termination, Fowler also alleged that it included "poor performance evaluations" and "denial of his applications to coach interscholastic sports." *Id.* ¶ 12.

On February 11, 1999, the EEOC issued a Determination, finding that Fowler was in fact terminated in violation of Title VII. Pl.'s Mot. For Summ. Judg., Ex. 1 at 2. Notwithstanding the EEOC's determination, the Commission was unable to "conciliate" the case and Fowler received a Right to Sue letter from the Department of Justice.[8] *Id.*, Ex. 2 (Right to Sue Letter). This action followed.

## ANALYSIS

### I.    Standard of Review

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to

---

decision was affirmed by the Superior Court for the District of Columbia. *Id.* at 5-6.

[8]    When the EEOC determines that discrimination has occurred, as here, the Commission will attempt "conciliation with the employer to develop a remedy for the discrimination." *See* http://www.eeoc.gov/charge/overview_charge_processing.html (EEOC's Charge Processing Procedures). In Title VII cases, if conciliation is unsuccessful, the Department of Justice ("DOJ") may elect to bring suit in federal court. *Id.* If the DOJ decides not to file suit, the aggrieved party is given a Right to Sue letter and may file suit on their own behalf within ninety days. *Id.*

judgment as a matter of law." FED. R. CIV. P. 56(C). The moving party bears the initial

burden of demonstrating the absence of a genuine dispute of material fact. *See Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986). In this case, where cross motions for summary

judgment are at issue, the Court draws all reasonable inferences regarding the assertions

made in a light favorable to the non-moving party. *Flynn v. Dick Corp.*, 2005 WL 1904018,

*2 (July 29, 2005 D.D.C.). The Court will "grant summary judgment only if one of the

moving parties is entitled to judgment as a matter of law upon material facts that are not

genuinely disputed." *Consumer Fed'n of Am. v. U.S. Dep't of Agric.*, 2005 WL 1773851, *2

(July 28, 2005 D.D.C.).

II.   Fowler has Failed to Demonstrate a Prima Facie Case of Retaliation

    Fowler contends that he was terminated from teaching at Roosevelt High in violation

of Title VII and the DCHRA. Am. Compl. ¶¶ 14-29. More precisely, he argues that

defendants retaliated against him for opposing Phillip's sexual harassment of a female faculty

member. Pl.'s Mot. For Summ. Judg. at 2.

    Courts look to Title VII jurisprudence when analyzing employment discrimination

claims under the DCHRA. *E.g., Goos v. Nat'l Ass'n of Realtors*, 715 F. Supp. 2, 3 (D.D.C.

1989). To establish a prima facie case for retaliation under Title VII, the plaintiff must

demonstrate: "1) that [he] engaged in a statutorily protected activity; 2) that the employer

took an adverse personnel action; and 3) that a causal connection existed between the two."

*McKenna v. Weinberger*, 79 F.2d 783, 790 (D.C. Cir. 1984). The plaintiff bears the initial

burden of proving each element of the prima facie case. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973) (concluding that the complainant carries the burden of demonstrating a prima facie case of racial discrimination).

The central issue before the Court is whether Fowler has demonstrated that he engaged in "statutorily protected activity" under the first prong of the prima facie case of retaliation. Fowler argues that his response to the official reprimand is a "protected activity" under § 704(a) of Title VII because the response contains a paragraph in which he protests Phillip's alleged sexual harassment of a female faculty member. Pl.'s Mot. For Summ. Judg. at 9. The Court disagrees.

Section 704(a), the "opposition clause," makes it unlawful for an employer to discriminate against an employee for opposing "any practice made an unlawful employment practice" under Title VII.[9] 42 U.S.C. § 2000e-3(a). Our Circuit Court requires employees seeking the protection of this clause to "demonstrate a *good faith, reasonable belief* that the challenged practice violates Title VII." *George v. Levitt*, 407 F.3d 405, 417 (D.C. Cir. 2005) (emphasis added); *Parker v. Baltimore and Ohio R.R. Co.*, 652 F.2d 1012, 1019 (D.C. Cir. 1981) (holding that an employee may state a claim under § 704(a) even if the employer's conduct ultimately proves to be lawful, so long as the employee's opposition is based on a good faith belief that Title VII has been violated). For the following reasons, Fowler has not done so here.

---

[9]     "Sexual harassment" is an "unlawful employment practice" under Title VII. *See* 42 U.S.C. § 2000e-2(a); *see also* 29 C.F.R. § 1604.11 (EEOC Guidelines on Sexual Discrimination).

First, under the facts of this case, Fowler could not have *reasonably* believed that Phillip's conduct constitutes "sexual harassment" under Title VII. Not all sexual advances are actionable under Title VII. The Code of Federal Regulations ("Code") defines those unsolicited sexual advances that constitute "sexual harassment." In this regard, the Code states:

> Unwelcomed sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) *such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.*

29 C.F.R. § 1604.11(a) (emphasis added).

The Supreme Court has held that sexual harassment in the workplace only violates Title VII "if it is so severe or pervasive as to alter the conditions of [the victim's] employment and *create an abusive working environment.*" *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001) (emphasis added) (alterations in original) (internal quotations omitted). Thus, to be actionable, the sexual harassment must create an abusive work environment. *See id.* In determining whether harassment rises to this level, courts consider the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

7

Applying these principle's to the instant case, it is apparent that Phillip's conduct, if true, is not sufficiently "severe" or "pervasive" to unreasonably interfere with either the alleged victim's or plaintiff's work performance. Fowler alleges that Phillip "announced" during a faculty meeting that he was "turned on by the dress that a teacher was wearing" and then "squeezed the teacher's thigh." Defs.' Mot. For Summ. Judg., Exh. 4 at 6. While a single, unsolicited physical advance or comment may be inappropriate, such conduct does not automatically amount to a Title VII violation. *E.g., Tatum v. Hyatt Corp.,* 918 F. Supp. 5, 6-7 (D.D.C. 1994) (holding no hostile work environment where plaintiff's co-worker wrapped his arms around plaintiff's neck and body, rubbed against plaintiff as if to simulate sexual intercourse, made comments about her physical attractiveness, and placed a piece of ice in her skirt pocket); *see also Oncale v. Sundowner Offshore Serv., Inc.,* 523 U.S. 75, 80 (1998) (noting that Title VII is not a "general civility code for the workplace"). Indeed, courts generally require more than one incident of inappropriate conduct to create an abusive work environment. *E.g., King v. Hillen,* 21 F.3d 1572, 1581 (Fed. Cir. 1994) ("[I]n the usual case an isolated offensive incident does not create an abusive or intimidating environment."). Thus, the Court concludes that Fowler could not have reasonably concluded that Phillip's alleged behavior constitutes sexual harassment under Title VII, given the nature of Fowler's allegation and the attendant circumstances.

Second, even if Fowler did in fact harbor a reasonable belief that Title VII was violated, the record does not establish that Fowler protested Phillip's perceived misconduct

8

in "good faith." To the contrary, Fowler challenged Phillip's behavior only after being reprimanded for misconduct of his own. Defs.' Mot. For Summ. Judg., Exh. 4. Moreover, there is nothing in the record to indicate that Fowler was experiencing outrage on behalf of the female faculty member who was the recipient of Mr. Phillip's allegedly harassing conduct. Congress did not enact the opposition clause for employees to use as retaliation against their employer when accused of misconduct. *See Monteiro v. Poole Silver Co.*, 615 F.2d 4, 8 (1st Cir. 1980) (noting that the opposition clause was not intended to be a "smoke screen" to challenge an employer's legitimate criticisms).[10] Indeed, the "good faith" requirement itself is meant to protect employers from such a misapplication of the opposition clause by immunizing employers from such "malicious accusations and frivolous claims." *Parker*, 652 F.2d at 1020. Thus, based on the record, the Court concludes Fowler did not protest Phillip's alleged misconduct in good faith. Accordingly, for this reason, and those previously stated, Fowler has failed to prove a prima facie case of retaliation.[11]

---

[10]    In *Parker*, our Circuit Court cited the First Circuit's decision in *Monteiro* as an example of opposition not brought in good faith.

[11]    As noted previously, Fowler brings claims under Title VII and the DCHRA. Although both are dismissed on their merits pursuant to the foregoing analysis, the Court notes that the DCHRA claim could also be dismissed as time barred. The DCHRA imposes a one-year statute of limitations. D.C. Code § 2-1403.16(a); *see also Morgan v. Fed. Home Loan Mortgage Corp.*, 172 F. Supp. 2d 98, 105 (D.D.C. 2001). The alleged retaliatory conduct took place in June 1996 when Fowler was terminated. Am. Compl. ¶ 12. Fowler filed his DCHRA claim on February 11, 2000. As such, the DCHRA claim would be time barred even if the claim was not dismissed on the merits.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment and DENIES plaintiff's motion for summary judgment. An appropriate order will issue simultaneously herewith.

RICHARD J. LEON
United States District Judge